CARAWAY, J.
| ,This is a dispute over the effect of a renunciation of a legacy. After the renunciation, the intestate heirs of the decedent claimed accretion of the estate due to the alleged lapse of the universal legacy. Shriner’s Hospital for Crippled Children (“Shriner’s”) also claimed the estate since it was mentioned in the decedent’s will as a contingent beneficiary. The executor filed a rule to show cause against the adverse parties for a determination of the disposition of the estate. The trial court ruled in favor of the intestate heirs, and we affirm.

Facts

Robert McCreary (“McCreary”), the duly appointed executor of the Succession of Richard O’Neal Jouett, filed this proceeding as a “Rule to Show Cause to Determine the Proper Legatee.” The decedent’s handwritten will left his “entire estate to Julia Matassa” and provided that in the “event that Julia and I die *503 at the same time,” the estate would devolve to Shriner’s.
In 2008, Julia Matassa executed and filed an Act of Renunciation and Disclaimer which provided in pertinent part as follows:
That I know and understand that I am the named universal legatee in that certain Olographic (hand-written) Last Will and Testament of RICHARD O’NEAL JOUETT.
* * *
That I know and understand that if the Last Will and Testament of RICHARD O’NEAL JOUETT is probated and the Succession completed, that I will be the owner of the house ... and all the net funds of the Succession, and that I can use these assets as I deem appropriate, including my own health and welfare.
That I know that all assets of the estate, including vehicles, furniture, appliances, moneys, real estate, etc., will be bequeathed to the Shriners Hospital of Shreveport, Louisiana.
| {¡That I, JULIA MATASSA do hereby waive, relinquish, renounce and disclaim any and all inheritance rights, of every nature whatsoever, in and to the succession or estate of RICHARD O’NEAL JOUETT.
Jouett was survived by three children, Renee Jouett Tyson, Chandra Jouett and Jason Jouett (the “Intestate Heirs”). McCreary’s rule to show cause named the Intestate Heirs and Shriner’s as the adverse parties claiming an interest in the estate.
A hearing occurred on October 8, 2008. After considering testimony, including that of Matassa, and arguments, the trial court recognized and enforced Matassa’s renunciation and declared the legacy to her as lapsed without accretion to Shriner’s. The trial court decreed that the succession was inherited by the Intestate Heirs.
Thereafter, Shriner’s lodged this sus-pensive appeal.

Discussion

As an initial procedural matter, Shriner’s claims that the executor’s rule to show cause for the determination of the effect of Matassa’s renunciation of her legacy could not be tried as a summary proceeding but as an ordinary proceeding. Shriner’s presented an exception to the trial court contesting the use of summary proceedings. The trial court denied the exception, and we affirm.
Code of Civil Procedure Article 2592(11) allows for a summary action in “[a]ll matters in which the law permits summary proceedings to be used.” Book VI of the Code of Civil Procedure provides for the special procedure for Probate which includes the administration of successions. In |3the general provisions of Title I for the Probate procedure, Chapter 6 provides the general rules of procedure, Article 2971, et seq. Article 2971 provides, in pertinent part:
A certified copy of the petition, opposition, contradictory motion, or rule initiating a contradictory succession proceeding shall be served on the adverse party; but citation is necessary only in those cases in which it is specifically required by law.
Emphasis supplied. Article 2971 then allows the adverse party who is brought into such contradictory succession proceeding to file responsive pleadings in accordance with the rule for summary proceedings under Article 2593. From these codal provisions, we find that the contradictory rule filed by the succession executor was procedurally proper as a summary proceeding without the necessity of citation upon Shri *504 ner’s and the delays of ordinary proceedings.
The applicable provisions of the Civil Code concerning renunciation of a legacy are contained in the following articles:
Article 963: Renunciation must be express and in writing.
Article 965: In the absence of a governing testamentary disposition, the rights of a testate successor who renounces accrete to those persons who would have succeeded to them if the legatee had predeceased the decedent.
Article 1589: A legacy lapses when:
* * * ‡ *
(5): The legacy is renounced, but only to the extent of the renunciation.
Article 1590: Testamentary accretion takes place when a legacy lapses.
Accretion takes place according to the testament, or, in the absence of a governing testamentary provision, according to the following Articles.
\ ^Article 1591: When a particular or a general legacy lapses, accretion takes place in favor of the successor who, under the testament, would have received the thing if the legacy had not been made.
Article 1596: Any portion of the estate not disposed of under the foregoing rules devolves by intestacy.
The Intestate Heirs argue that the renunciation of the legacy of the universal legatee, Julia Matassa, caused the accretion of the estate to the Intestate Heirs in accordance with the foregoing provisions of the Civil Code. In bringing this appeal, Shriner’s raises two issues which are interrelated. First, it argues that Matassa executed “a conditional renunciation in favor of Shriner’s,” meaning that “Matassa would not have renounced her interest in Richard Jouett’s estate unless the contingent beneficiary, Shriner’s Hospital for Crippled Children, would receive the net Estate.” Second, Shriner’s argues that Matassa’s testimony and the act of renunciation itself reveal an error of law in her act of renunciation allowing for its rescission and her inheritance of the estate.
Implied in Shriner’s arguments is the recognition that a valid renunciation by Matassa would produce accretion of the estate to the Intestate Heirs by operation of the cited law. Therefore, Shriner’s makes the claim that Matassa only intended through her unilateral act for a conditional renunciation that might produce the effect of accretion in favor of Shriner’s. That condition being impossible under the law, Shriner’s asserts that the conditional renunciation failed. Otherwise, Shriner’s argues that the renunciation, whether expressly conditioned or not, must fail because the error of law vitiated Matassa’s consent for her juridical act.
| fiThose arguments by Shriner’s, however, are not for it to make. If Matassa’s consent was in error and her renunciation may be rescinded, the result would produce an inheritance under the decedent’s will solely in favor of Matassa, as universal legatee. Accordingly, Shriner’s has no right of action to seek a remedy for the benefit of Matassa, and no cause of action for any claim in the succession.[1]
With this ruling, we note that the executor’s action in presenting the contradictory rule to show cause against a party with no standing to participate accomplished nothing for the resolution of the underlying dispute regarding the effect of Matassa’s renunciation. .While we express no opinion regarding the merits of that dispute, Ma- *505 tassa’s testimony at trial reveals that controversy remains which may only be adjudicated by a proper action against her.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Shriner’s.
AFFIRMED.

. The Intestate Heirs presented to the trial courl and this court these peremptory claims.